**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Jefferson Padilla, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                         *Plaintiff,*

                - *against* -

Gurney's Inn Resort & Spa LLC,

                                   *Defendant.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

<u>**COMPLAINT**</u>

       Plaintiff Jefferson Padilla ("Plaintiff" or "Padilla"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendant Gurney's Inn Resort & Spa LLC (the "Defendant"), and states as follows:

<b>NATURE OF THE ACTION</b>

       1.   Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

       2.   Plaintiff seeks injunctive and declaratory relief and to recover unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

<b>JURISDICTION AND VENUE</b>

       3.   The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JEFFERSON PADILLA**

6.      Plaintiff Padilla is a resident of Montauk, New York.

7.      Plaintiff Padilla was employed as supervisor and server at Defendant's restaurant, resort and marina located at 32 Star Island Road, Montauk, NY 11954 ("Gurney's Star Island") from on or around July 2019 through and including December 1, 2020.

8.      Plaintiff Smith was employed as a non-managerial employee at Gurney's Star Island from on or around July 2019 through and including December 1, 2020.

9.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT GURNEY'S INN RESORT & SPA LLC**

10.      Upon information and belief, Defendant Gurney's Inn Resort & Spa LLC is a domestic not-for-profit corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 32 Star Island Road, Montauk, NY 11954.

11.      Defendant Gurney's Inn Resort & Spa LLC owns, operates and/or controls a

restaurant, resort and marina known as "Gurney's Star Island" located at 32 Star Island Road, Montauk, NY 11954.

12.    At all times relevant to this Complaint, Defendant Gurney's Inn Resort & Spa LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13.    At all times relevant to this Complaint, Defendant Gurney's Inn Resort & Spa LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14.    At all times relevant to this Complaint, Defendant Gurney's Inn Resort & Spa LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15.    Defendant Gurney's Inn Resort & Spa LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16.    Defendant Gurney's Inn Resort & Spa LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

17.    Plaintiff and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid position, during the statutory period.

18.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

19.     Plaintiff was an employee of Defendant.

20.     Plaintiff worked as a supervisor and server at the restaurant, resort and marina known as "Gurney's Star Island" located at 32 Star Island Road, Montauk, NY 11954 from July 2019 through and including December 1, 2020.

21.     Plaintiff primarily worked as a supervisor at Gurney's Star Island from July 2019 through and including March 4, 2020.

22.     Plaintiff primarily worked as a supervisor and server at Gurney's Star Island from March 4, 2020 through and including December 1, 2020.

23.     At Gurney's Star Island, Plaintiff regularly worked in excess of forty (40) hours per week.

24.     From approximately July 2019 through and including December 1, 2020, Plaintiff regularly worked forty (40) to one-hundred (110) hours a week.

25.     From approximately July 2019 through and including December 1, 2020, Defendant paid Plaintiff an hourly rate of $19 per hour.

26.     At all relevant times hereto, Defendant maintained a policy and practice of unlawfully appropriating Plaintiff's, all other similarly situated individuals', tipped wages.

27.     During the period where Plaintiff worked as a supervisor and server, *i.e.,* from March 4, 2020 through and including December 1, 2020, Defendant made unlawful deductions from Plaintiff's wages.

28.     For example, Defendant unlawfully appropriated between $150 to $600 in Plaintiff's tipped wages, per week, without Plaintiff's written or verbal consent.

4

29.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

30.    Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

31.    Defendant did not give any notice to Plaintiff, in English (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

32.    At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times Plaintiff's hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33.    Plaintiff brings the First, Second, Third and Fourth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to supervisors and servers) employed by Defendant on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

34.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

35.    The First, Second, Third and Fourth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b).

The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

36.    Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
## (FLSA – Unlawful Deductions)

37.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

38.    At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

39.    At all relevant times to this action, Defendant has knowingly taken unlawful kickbacks in violation of the FLSA and 29 CFR § 531.35.

40.    Specifically, from March 4, 2020 through and including December 1, 2020, Defendant unlawfully appropriated between $150 to $600 in Plaintiff's tipped wages, per week, without Plaintiff's written or verbal consent.

41.    Due to Defendant's willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid compensation, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
## (NYLL – Unlawful Deductions)

42.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

43.     At all relevant times, Defendant was Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

44.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

45.     Defendant unlawfully misappropriated a portion of Plaintiff's tips that were received from customers.

46.     Specifically, from March 4, 2020 through and including December 1, 2020, Defendant unlawfully appropriated between $150 to $600 in Plaintiff's tipped wages, per week, without Plaintiff's written or verbal consent.

47.     Defendant knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

48.     Plaintiff was damaged in an amount to be determined at trial.

### THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

49.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

50.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

51.     In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

52.    Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover Plaintiff's liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

### FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

53.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

54.    With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

55.    As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiff at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.     certification of this case as a collective action pursuant to the FLSA;

c.     issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.     declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

e.     declaring that Defendant violated the tip theft provisions of the FLSA;

f.     declaring that Defendant violated the tip theft provisions of the NYLL and the NYDOL regulations;

g.     awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

h.     awarding unpaid wages under the NYLL and the New York State contract law;

i.     awarding Plaintiff unpaid tipped wages;

j.     awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

k.     awarding Plaintiff pre- and post-judgment interest under the NYLL;

l.     awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

m.    Such other relief as this Court deems just and proper.

Dated: New York, New York
      January 27, 2022                 Respectfully submitted,

By:  /s/ Joshua Levin-Epstein
      Joshua Levin-Epstein
      Jason Mizrahi
      Levin-Epstein & Associates, P.C.
      60 East 42nd Street, Suite 4700
      New York, New York 10165
      Tel: (212) 792-0046
      Email: Joshua@levinepstein.com
      *Attorneys for the Plaintiff and proposed FLSA*
      *Collection Action Plaintiffs*